**Louis Whitsell, Petitioner-Appellant, v. Arnold Rutherford, Respondent-Appellee.**

Gen. No. 68–135.

Fifth District.

December 31, 1969.

Calvo & Mateyka, by M. Joseph Hill, of Granite City, for appellant.

Nick D. Vasileff, of Madison, for appellee.

EBERSPACHER, J.

This action was brought to contest the election held on June 11, 1968, wherein Arnold Rutherford, the respondent herein, was declared elected to the office of Precinct Committeeman in Precinct Number 1, Nameoki Township, Madison County, Illinois. The action was brought by Louis Whitsell, the petitioner herein, and was filed on July 11, 1968. A motion to dismiss was filed by the respondent alleging that the Petition to Contest The Election did not state a cause of action, that the petitioner was not running for public office and that the petition had not been filed within the time limit required by the statutes. Following a hearing on the motion to dismiss, the trial court allowed the motion.

This appeal was taken from the court's order allowing the respondent's motion to dismiss.

The sole question raised by the pleadings is whether the petition filed herein fails to state a cause of action and more particularly, whether the petition to contest the election is sufficient to state a cause of action pursuant to section 23–20 of the Election Code of Illinois, chapter 46, Ill Rev Stats 1967, under which it was filed, or whether a contest of election is to be made under Article 7 of the Election Code to the exclusion of other articles of the Code, particularly Article 23.

Taking the second issue presented for our initial consideration, it is our opinion that the petitioner has proceeded correctly under Article 23 of the Election Code. While Article 7 of the Election Code sets forth the procedure for conducting a primary election, the Legislature did not intend that Article 7 would be the exclusive means of contesting an election, chapter 46, Article 7, section 7–1, Ill Rev Stats 1967. There is no question that the Primary is an election in the general sense. Chapter 46, Article 1, section 1–3, Article 7, section 7–4(1) and (2) Ill Rev Stats 1967. The Primary is the general election insofar as a precinct committeeman is concerned. The precinct committeemen are elected and not nominated at that election. This distinction is apparent by the various sections of Article 7 which distinguish between candidates nominated and committeemen elected. Chapter 46, Article 7, sections 7–1, 7–8, 7–10, 7–17, 7–19, 7–58 and 7–59, Ill Rev Stats 1967. In contrast to Article 7 which deals generally with the nominations by political parties, Article 23 of the Election Code concerns itself with the contesting of elections. Section 23–5 of that Article provides, "The Circuit Court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made."

■ The respondent quite forcefully brings to our attention that there are no "precinct officers" if the word "officer" is used in the true meaning of the word. In this regard the defendant has cited for our consideration People v. Brady, 302 Ill 576, 135 NE 87 (1922). The Brady case clearly holds that a precinct committeeman is not a public officer. As stated in the Brady case:

> "The committeemen are not nominated at the primary election, but they are elected to serve their respective political parties as managers of the campaign conducted subsequent to the primary to elect the candidates nominated by the respective political parties at the regular election held to select the officers of the State and its subdivisions. The act plainly indicates that the General Assembly was not creating new public officers to whom it delegated part of the sovereign power of the State, but it was simply recognizing the existence of the managing committees of the several political parties and regulating the manner in which the members of these committees should be selected and the manner in which the powers long exercised by such committees should be exercised."

Since there are no precinct officers within the context of the Brady case, we are led to the conclusion that "officers" as used in section 23-5 was not meant in the sense as described by the Brady case but used to describe the position of precinct committeemen.

Our own conclusion is further fortified by the absence of any procedure for the contesting of an election of committeemen under the provisions of section 7-63 of the Election Code. That section which the respondent argues applies to the contest of this election in our interpretation is the procedure for contesting a nomination and is devoid of any reference to the contesting of an election. The section deals solely in terms of a candidate contesting election of candidates nominated.

Concluding as we do that the petitioner proceeded properly under Article 23 of the Election Code, we then reach the first issue of whether the Petition To Contest The Election is sufficient to state a cause of action. The requirements of the petition are set out in Article 23, section 23–20. The first requirement is that the petition be filed within 30 days from the date the person elected is declared elected. This requirement was met inasmuch as the petition was filed 21 days after the respondent was declared elected.

An additional requirement that the petition must be verified has also been met.

 Further requirements as to the petition are found both in the statute and case law. These require that the petition must allege: That the petitioner voted in the election; that a mistake or fraud was committed; that some irregularities occurred in the conduct of the election; and that the results of the election were changed by the fraud or irregularities. Chapter 46, Article 23, section 23–20, Ill Rev Stats 1967; Zarhay v. Emricson, 25 Ill2d 121, 181 NE2d 756 (1962); Easdale v. Sparta Community School Dist., 29 Ill2d 554, 194 NE2d 306 (1963); McCaslin v. Moore, 67 Ill App2d 355, 214 NE2d 18 (1966). Our examination of the pleadings reveals that these requirements were also met by the petitioner. While the specific irregularities are not set out in the petition, this is not necessary and general allegations are sufficient. Joyce v. Blankenship, 399 Ill 136, 77 NE2d 325 (1948).

We conclude that the Circuit Court of Madison County erred in granting the Respondent's Motion To Dismiss. That order, accordingly, is reversed and the cause remanded to the Circuit Court of Madison County for further proceedings.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.