DONALD S. SHIFRIS *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. BEN ROSENTHAL *et al.*, Defendants-Appellees and Cross-Appellants (William F. Harris, Commissioner of the Cook County Department of Building and Zoning, *et al.*, Defendants-Appellees).

First District (5th Division)   No. 1—88—3264

Opinion filed December 15, 1989.

Kevin G. Barry and Donald S. Shifris, both of Shifris & Barry, Ltd., of Northbrook, for appellants.

Mandel, Lipton & Stevenson, Ltd., of Chicago (R. Peter Carey, Uve R. Jerzy, and Scott V. Peters, of counsel), for appellees Ben Rosenthal and Lorelei Rosenthal.

Cecil A. Partee, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Donald M. Devlin and William P. Motto, Assistant State's Attorneys, of counsel), for other appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

This is an appeal and cross-appeal from two orders entered by the

trial court in a declaratory judgment action involving the issuance of a building permit to defendants Ben and Lorelei Rosenthal (Rosenthals) for the construction of a building on their property located in a flood plain in the unincorporated area of Cook County at 80 Woodley Road, Winnetka, Illinois. Plaintiffs, Donald Shifris, Don's A. Shifris and American National Bank and Trust Company of Chicago (Shifris), owners of property near or abutting the Rosenthals' property, appeal from the trial court's orders dismissing their complaint on the ground of mootness. Defendants Rosenthals have filed a cross-appeal solely for the purpose of preserving their rights to litigate issues raised in a proposed counterclaim against other party-defendants, which the trial court denied them leave to file, in the event that this court reverses the trial court's orders dismissing Shifris' complaint. The remaining defendants are William F. Harris, Commissioner of the Cook County Department of Building and Zoning (County Department), the County of Cook, and Charles Page, the predecessor owner of the Rosenthals' property at issue here.

The pertinent facts are as follows. On September 23, 1986, Page applied to the County Department for a permit to construct a single-family residence at 80 Woodley Road in Winnetka. The permit to build was required because a portion of Page's property lies in a flood plain. On November 7, 1986, the County Department issued Page a permit pursuant to a letter received from the Illinois Department of Transportation, Division of Water Resources (IDOT/DOWR), which stated that the property was above the flood plain elevation. (The County Department is mandated by ordinance to apply the base flood elevation as determined by IDOT/DOWR. See Cook County Zoning Ordinance, art. 8, §8.96(1) (1986).)

On November 21, 1986, Shifris filed a complaint for declaratory, injunctive and other relief. He amended the complaint twice and ultimately sought a judicial determination of the base flood elevation for the subject property and a rescission of the permit issued to Page. While further proceedings on Shifris' complaint were pending, Page sold the involved property to the Rosenthals. In addition, on March 30, 1987, the County Department revoked the previously issued building permit pursuant to a second letter received from IDOT/DOWR, which set forth new estimates of flood elevation higher than the elevation of portions of the Rosenthals' property; the new estimates were based on information provided by Shifris and his employees.

Subsequently, on February 29, 1988, the trial court entered an order dismissing Shifris' complaint as to the Rosenthals on the ground of mootness as a result of the revocation of the building permit on the

subject property. On April 4, 1988, the Rosenthals sought leave to file a counterclaim against the county defendants. At that time, the trial court entered the motion, granted the other parties leave to file an answer to the motion, and left the hearing on the motion open for a later date. On April 5, 1988, pursuant to a motion by the county defendants, the court dismissed Shifris' complaint as to them on the ground of mootness. On October 5, 1988, the court denied the Rosenthals' motion for leave to file a counterclaim against the county defendants, and this appeal and cross-appeal followed.

Shifris argues that the trial court abused its discretion in entering judgment on the pleadings and dismissing his complaint on the ground of mootness because his verified pleadings raise an issue of fact, *i.e.*, the appropriate base flood elevation for the subject property. Alternatively, Shifris contends that if his action is moot, it falls within the "public interest exception" to the mootness doctrine. The county defendants maintain that the trial court properly dismissed Shifris' action as moot and that it does not fall within the public interest exception to the mootness doctrine. The Rosenthals assert, in addition to their position that the trial court properly dismissed Shifris' complaint on the ground of mootness, that: (1) this court lacks jurisdiction over Shifris' appeal because he did not timely file a notice of appeal or the appeal is premature; (2) the trial court's order of dismissal should be affirmed because Shifris failed to exhaust his administrative remedies; (3) Shifris lacks standing to maintain an action to enjoin issuance of a permit for their property; and (4) if this court determines that the trial court should determine the flood elevation, we should also reverse the trial court's order denying their motion for leave to file a counterclaim.

For the reasons set forth below, we affirm the judgments of the trial court.

We first briefly address the Rosenthals' challenge to our jurisdiction over this appeal. They contend that the orders of dismissal on mootness grounds entered on February 29 and April 5, 1988, and all other "counter complaints had been dismissed" as of the latter date and therefore Shifris' lawsuit "was dead" at that time. Accordingly, they further contend that the time within which to file a notice of appeal began to run from April 5, rather than from October 5, the date on which the trial court denied their motion for leave to file a counterclaim and the date from which Shifris took his appeal. In support thereof they rely in part on the following statements made by the trial court:

"The subject case here in this courtroom which this—in which

this defendant [Rosenthal] seeks to file a counterclaim has been dismissed as moot for a great length of time. In fact, counsel's attempt to file a counterclaim is indeed to breathe life into a number, a chancery filing number, and not to breathe life into a case because there is no case here anymore."

Additionally, the Rosenthals assert that only if their counterclaim was within the purview of section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) would Shifris avoid the effect of filing an untimely appeal. They further assert that their motion was not a post-judgment motion and therefore not within the purview of section 2—1203.

We agree with the Rosenthals that their motion for leave to file a counterclaim against the county defendants clearly was not a post-judgment motion in light of the fact that the Rosenthals sought leave to file it prior to the court's order of April 5 dismissing Shifris' complaint against the county defendants. Beyond this point, however, we disagree with the Rosenthals' further contentions on this issue.

■ It is well settled that to constitute a final, appealable order, the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit. (*All Brake & Drive Unit Service, Inc. v. Peterson* (1979), 69 Ill. App. 3d 594.) Where an order does not adjudicate all the claims, rights and liabilities of the parties, an order is not final and is subject to revision prior to entry of an order adjudicating the entire matter unless the order contains a Supreme Court Rule 304(a) finding that there is no just reason to delay enforcement or appeal of the order. 107 Ill. 2d R. 304(a); *Peter Fischer Import Motors, Inc. v. Buckley* (1984), 121 Ill. App. 3d 906.

■ In the instant case, neither the order of February 29, nor April 5 contained the requisite Rule 304(a) language. Moreover, until the hearing on the Rosenthals' motion for leave to file their counterclaim, the earlier orders of February 29 and April 5 dismissing Shifris' complaint were therefore subject to revision and/or vacation based on the possibility that there was a 50/50 chance that the court would grant the motion. In fact, in Shifris' answer to the Rosenthals' motion, he requested that the trial court reconsider and void its previous orders dismissing his complaint. The fact that the court ultimately denied the motion and specifically made no decision on the merits is irrelevant. What is relevant is the fact that the court entered the motion with the counterclaim attached, which raised claims by the Rosenthals against the county defendants and which was viable at the time it was filed and until a ruling was made on it by the trial

court. Accordingly, we hold that the denial of the Rosenthals' motion on October 5 for leave to file a counterclaim was the final order adjudicating all claims raised by the parties, notwithstanding that the court did not consider the merits of the counterclaim but rather found that the Rosenthals had other remedies through administrative agencies or the Federal court to obtain the relief requested in its counterclaim. We thus hold that Shifris' notice of appeal was timely filed and that this court has jurisdiction over the matter.

■ We also hold that the trial court properly found that Shifris' action was moot despite the apparent existence of a factual dispute relating to the flood-base elevation. A moot controversy is one which once existed, but which, because of the happening of certain events, has ceased to exist and no longer presents an actual controversy over the rights and interests of a party. (*First National Bank v. Trail Ridge Farm, Inc.* (1986), 143 Ill. App. 3d 244.) Courts have a duty to decide actual controversies by rendering judgments which can be carried into effect, rather than rendering opinions upon moot questions and abstract propositions or deciding principles or rules of law which cannot affect the matter at issue in the case before it. *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375.

■ ■ Here, the controversy over the issuance of a permit to build on the subject property clearly ceased to exist upon the County Department's revocation of the permit. With respect to Shifris' additional prayer for a permanent prohibition of ever building on the subject property, this court, like the trial court, simply cannot grant such relief. To do so would be contrary to article 8, section 8.91(9), of the Cook County Zoning Ordinance, which provides:

> "This flood plain ordinance is not intended to reduce or eliminate existing flooding, *nor is it intended to impose a complete prohibition of construction in base flood areas.* On the contrary, these regulations are designed to guide and control development in such a manner as to lessen the damaging effects of floods on developments proposed for the lowlying areas of unincorporated Cook County." (Emphasis added.) (Cook County Zoning Ordinance, art. 8, §8.91(9) (1986).)

In other words, were we to grant Shifris a permanent injunction prohibiting construction on the subject property, we would be usurping the power of the County Department to issue a permit for construction should the physical nature of the property change or where the law changes. The IDOT/DOWR flood base elevation figure is subject to change based on the acts of man or nature, and a future elevation figure necessarily will affect later requests for construction on the

property. Since the zoning ordinance specifically provides for variances from the flood control provisions of the ordinance when certain conditions are met, a permanent injunction prohibiting construction would contravene the express provisions of the ordinance.

■ We further find that the circumstances of this case do not fall within the public interest exception to the mootness doctrine. In order to prevail under the exception, a party must show (1) that the question is public in nature, (2) that it is desirable to make an authoritative determination of the question for the guidance of public officials, and (3) that the question is likely to recur. *Village of Palatine v. La Salle National Bank* (1983), 112 Ill. App. 3d 885.

■ There is no doubt that questions concerning flood plains generally involve a public issue. Yet any authoritative determination as to flood plains, base flood elevation and constructions on property within a flood plain must first be made by the public officials charged with determining such matters, as was done here by the County Department and IDOT/DOWR, and not by the judiciary, especially in a case involving an already revoked permit and where IDOT/DOWR was not even made a party. (See *Dunlap Lake Property Owners Association, Inc. v. City of Edwardsville* (1959), 22 Ill. App. 2d 95 (the control and abatement of conditions constituting a public nuisance, such as pollution of waters, are best left to the specialized agencies concerned with such issues except in cases of obvious and flagrant abuse).) Moreover, under the circumstances here, Shifris' interest as an adjoining property owner is merely that; it does not rise to the level of an extraordinary public interest. (See *Hamer v. Board of Education of Township High School District No. 113* (1986), 140 Ill. App. 3d 308 (the public interest doctrine should only be invoked in cases involving an extraordinary degree of public concern and interest).) Similarly, with respect to Shifris' contention that construction of a building on a flood plain could cause threats to the health, safety and welfare of landowners in the adjoining area, we note that the County Department's revocation of the permit eliminates any of these threats and that any person seeking a permit in the future will be required to satisfy several requirements, one of which is that any construction will not be contrary to the public interest.

With respect to the necessity of an authoritative determination for the guidance of officials, the result of a judicial determination concerning the base flood elevation for the Rosenthal property at the present time would not be of any "guidance" value to the County Department and IDOT/DOWR officials in light of the fact that any figure is subject to future change in accordance with a change in the physi-

cal nature of the property and property surrounding it. Lastly, the issue of whether the County Department properly revoked the permit here will not recur; a future request for a permit will raise different questions such as the flood elevation at the future time of an application for a permit and the type of proposed construction and a grant or denial of the permit will not be evaluated upon the conditions as they existed when the first permit was revoked.

In light of the foregoing, we find it unnecessary to address any other issues raised by the parties. The orders appealed from are affirmed, and the cross-appeal filed by the Rosenthals is dismissed.

Judgments affirmed; cross-appeal dismissed.

LORENZ and PINCHAM,* JJ., concur.

---

*Justice Pincham participated in the decision prior to his resignation.