KEVIN McCASTER, Petitioner-Appellee, v. LONZO GREENWOOD, Respondent (East St. Louis Board of Election Commissioners, Respondent-Appellant).

Fifth District   No. 5—00—0691

Opinion filed March 21, 2002.

John J. Kurowski and Melissa R. Badgett, both of Kurowski & Bailey, P.C., of Swansea, for appellant.

William D. Stiehl, Jr., of Wimmer & Stiehl, of Belleville, for appellee.

PRESIDING JUSTICE MAAG delivered the opinion of the court:

Kevin McCaster (petitioner) filed a petition in the circuit court of St. Clair County contesting the results of the 2000 primary election race for East St. Louis Democratic precinct committeeman. Lonzo Greenwood was declared the winner of that race. The East St. Louis Board of Election Commissioners (respondent) filed a motion to dismiss the petition on grounds that the circuit court had no jurisdiction to consider the petition because petitioner had failed to file his election contest within 10 days after the final canvass of returns as required by section 7—63 of the Election Code (Code) (10 ILCS 5/7—63 (West 1996)). Petitioner argued that he had 30 days in which to file an election contest pursuant to section 23—20 of the Code (10 ILCS 5/23—20 (West 1996)). The circuit court of St. Clair County denied the motion to dismiss but found that there was a substantial ground for a difference of opinion regarding which provision controlled in a post-

election contest involving precinct committeemen and that an immediate appeal could materially advance the ultimate termination of the litigation. We granted respondent's petition for a Rule 308 (155 Ill. 2d R. 308) appeal.

The pertinent facts follow. On March 21, 2000, a primary election was held in East St. Louis, Illinois. In this primary, petitioner and Lonzo Greenwood were both candidates for the office of East St. Louis Democratic precinct committeeman. After a final canvass of the votes, Lonzo Greenwood was declared the winner of the election. On March 31, 2000, a discovery recount was held. The recount showed that Lonzo Greenwood had received 179 votes and that petitioner had received 174 votes. On April 20, 2000, petitioner filed a petition contesting the election. Therein, petitioner alleged that 12 ballots were counted against him which should have been marked "spoiled" and should not have been counted, and he alleged that he would have been declared the winner if those votes were not counted. Respondent moved to dismiss the election contest on the grounds that the circuit court lacked jurisdiction to consider the matter because the election contest was not filed within 10 days after the final canvass of returns as required by section 7—63 of the Code. Petitioner countered that section 23—20 of the Code governed an election contest involving precinct committeemen. Petitioner asserted that section 23—20 permits an unsuccessful candidate to contest an election within 30 days after an opposing candidate is declared elected and that he filed his petition in accordance with the time limits provided in that section. The circuit court denied the motion to dismiss, and this Rule 308 appeal followed. On appeal we are asked to determine whether a postelection contest involving the office of precinct committeemen is governed by Article 7 or Article 23 of the Code.

As a preliminary matter, we note that precinct committeemen have two-year terms (10 ILCS 5/7—8(b) (West 1996)) and that the primary election of 2002 has now come and gone. The pending case involves the results from the 2000 primary election for Democratic precinct committeeman. As a result of the subsequent election, the matter in controversy between the parties has become moot. A moot controversy is one that once existed but that, because of the happening of an event, has ceased to exist and no longer presents an actual controversy between the parties. See *Shifris v. Rosenthal*, 192 Ill. App. 3d 256, 261, 548 N.E.2d 690, 693 (1989). " 'The general rule is that when a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved or where the substantial questions involved in the trial court no longer exist, it will dismiss the appeal or writ of error.' " *People ex rel. Wallace v. Labrenz*,

411 Ill. 618, 622, 104 N.E.2d 769, 772 (1952), quoting *People v. Redlich*, 402 Ill. 270, 279, 83 N.E.2d 736, 741 (1949). An exception to the general rule is recognized when the issue presented is one of substantial public interest. See *Labrenz*, 411 Ill. at 622, 104 N.E.2d at 772. In order to determine whether the exception applies, the court must consider a number of criteria, including whether the question presented is of a public nature or a private nature, whether an authoritative determination for the future guidance of public officers would be beneficial, and whether there is a likelihood of a future recurrence of the question. *Labrenz*, 411 Ill. at 622, 104 N.E.2d at 772.

The case under consideration involves a question of whether a postelection contest for the office of precinct committeeman is governed by Article 7 or Article 23 of the Code. This is an issue that is likely to arise again in a future primary election. Because precinct committeemen are elected every two years, it is probable that any similar case arising in the future would become moot before the issue could be resolved in the appellate process. See *Labrenz*, 411 Ill. at 622, 104 N.E.2d at 772. In addition, we find that an authoritative determination would provide guidance for future candidates. See *Partney v. Dallas*, 111 Ill. App. 2d 261, 264, 250 N.E.2d 166, 168 (1969). For these reasons, we will consider the issue raised in this appeal.

The Code is currently divided into a series of articles. The legislature restructured the Code to place the election laws into a logical order and sequence. See 10 ILCS Ann., Introduction to Chapter 10—"The Election Code," by the Illinois Commission for the Codification of the Election and Primary Laws, at XV (Smith-Hurd 1992). Article 7 is the current version (including any rewording and amendments) of the Primary Election Act of July 6, 1927. See 10 ILCS Ann. 5/Article 7, Official Comments of Drafting Commission, at 252 (Smith-Hurd 1992).

In a primary election, a candidate vies for the nomination as his party's candidate for an elective public office. 10 ILCS 5/7—1 (West 1996). Contests for party offices, including a party's precinct, township, ward, and central committeemen, are also decided in primary elections. 10 ILCS 5/7—1 (West 1996). A person elected to a public office is endowed with some functions of the sovereignty of a state or a political subdivision thereof. See *People v. Brady*, 302 Ill. 576, 578, 135 N.E. 87, 88 (1922). In contrast, a person elected to a party office represents only members of the respective political party to which he belongs, and he is accountable only to that party. See *Brady*, 302 Ill. at 578-79, 135 N.E. at 88. A committeeman is not a public officer. See *Brady*, 302 Ill. at 578-79, 135 N.E. at 88.

Article 7 is a comprehensive legislative attempt to regulate the

course and conduct of primary elections. See *Orbach v. Axelrod*, 100 Ill. App. 3d 973, 978, 427 N.E.2d 399, 403 (1981). Section 7—1 (in Article 7) states as follows:

> "(a) Except as otherwise provided in this Article, the nomination · of all candidates for all elective State, congressional, judicial, and county officers, State's Attorneys ***, city, village, and incorporated town and municipal officers, trustees of sanitary districts, township officers ***, precinct, township, ward, and State central committeemen, and delegates and alternate delegates to national nominating conventions by all political parties, as defined in Section 7—2 of this Article 7, shall be made in the manner provided in this Article 7 and not otherwise." 10 ILCS 5/7—1 (West 1996).

A plain reading of this section reveals that Article 7 is intended to govern all primary election procedures involving party candidates for public office and party candidates for party offices. Article 7 also contains postelection procedures, including provisions for contesting primary election results. 10 ILCS 5/7—63 (West 1996). Section 7—63 provides that any candidate whose name appears upon the primary ballot of any political party may contest the election of an opposing candidate nominated for the same office by filing a written petition with the clerk of the circuit court within 10 days after the completion of the canvass of the final returns by the canvassing board. 10 ILCS 5/7—63 (West 1996).

Article 23 is the current version of the Election Act of 1872 and deals with the contesting of elections. See 10 ILCS Ann. 5/Article 23, Official Comments of Drafting Commission, at 744 (Smith-Hurd 1992). Section 23—5 authorizes the circuit court to hear and determine election contests of all county, township, and precinct officers and all other officers for the contesting of whose election no provision is made. 10 ILCS 5/23—5 (West 1996).

As we understand the history of Article 23, the term "precinct officers" referred to elective public officers, such as constables or justices of the peace, who were invested with some of the functions of the sovereignty of a particular district or precinct. See Ill. Const. 1870, art. VI, § 21. (A precinct is simply a portion of territory established for election purposes. See *Donovan v. Comerford*, 332 Ill. 230, 235, 163 N.E. 657, 659 (1928).) Over the years, some "precinct offices" have been eradicated. Nevertheless, "precinct officers" were and are *public* officers. As previously stated, a precinct committeeman is a representative of his own political party, and he is not a public officer. See *Brady*, 302 Ill. at 578-79, 135 N.E. at 88. It follows that a precinct committeeman is not a "precinct officer." Consequently, the contest procedures and time limits of Article 23 would only apply if precinct

committeemen fall within the section 23—5 catchall provision, "all other officers for the contesting of whose election no provision is made." 10 ILCS 5/23—5 (West 1996). However, that is not the case.

■ A review of Article 7 reveals a legislative intent to provide a comprehensive set of rules to regulate primary elections from initial petitions for nomination through postelection contests. See *Orbach*, 100 Ill. App. 3d at 978, 427 N.E.2d at 403. Cognizant of the fact that postelection disputes arise even in primary elections, the legislature established an expedient mechanism for resolving postprimary election contests. See 10 ILCS 5/7—63 (West 1996). Section 7—63 provides that any candidate whose name appears upon the primary ballot of any political party may contest the election of an opposing candidate who was nominated for the same office. 10 ILCS 5/7—63 (West 1996). Section 7—63 further provides that any such contest must be filed within 10 days after the completion of the canvass of the final returns by the canvassing board. 10 ILCS 5/7—63 (West 1996).

As we read section 7—63, we find no language limiting its provisions to contests over the nomination of party candidates who will run in the general election. Nothing within the text of section 7—63 limits the filing of an election contest to races involving a public office. Section 7—63 does not exclude election contests involving precinct committeemen from its purview. Nor is there any indication that the legislature intended to do so. Additionally, we find that an expedient resolution of any postelection petition contesting the election of precinct committeemen is consistent with the overall legislative scheme. The duties of precinct committeemen begin shortly after the conclusion of the primary election. See, *e.g.*, 10 ILCS 5/7—9(a) (West 1996). Section 7—63 contemplates that the election contest will be promptly filed and promptly resolved so that the person who actually received the most votes will be the person representing his party's membership as he performs his duties. We conclude that the procedures provided in Article 7 govern the election of precinct committeemen and any contest thereof. Given that election contests involving precinct committeemen are governed by section 7—63 (in Article 7), we find that precinct committeemen are not "other officers" under section 23—5 (in Article 23) and that the election contest provisions in section 23—20 (in Article 23) do not apply in postelection disputes involving precinct committeemen.

We recognize that our decision conflicts with a prior decision of this court (*Whitsell v. Rutherford*, 118 Ill. App. 2d 401, 255 N.E.2d 34 (1969)). In *Whitsell*, this court declared that the provisions governing primary election contests only apply in election contests involving the nominations of party candidates for public offices. *Whitsell*, 118 Ill.

App. 2d at 403, 255 N.E.2d at 35. For the aforementioned reasons, we conclude that the legislative scheme was misconstrued in *Whitsell*. Therefore, we decline to follow it.

Article 7 governs the election of precinct committeemen and any contest thereof. Under Article 7, an unsuccessful candidate for that post is required to file a written petition contesting the election within 10 days of the final canvass. In this case, it is undisputed that petitioner and Mr. Greenwood were both candidates for the office of Democratic precinct committeeman and that their names appeared on the primary ballot for that office. Petitioner concedes that he did not file his petition for a recount within the 10-day time limit. Respondent's motion to dismiss should have been granted. Under the circumstances, there is no need to remand this case. Pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we will enter an order dismissing this case.

Accordingly, the order of the circuit court denying respondent's motion to dismiss is reversed, and the case is dismissed.

Order reversed; case dismissed.

KUEHN and WELCH, JJ., concur.