2015 IL App (1st) 141874

No. 1-14-1874

Fourth Division
September 30, 2015

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ZEONID MODRYTZKJI, | ) | |
| | ) | Appeal from the Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois-Civil Department |
| | ) | Municipal Division First District |
| v. | ) | |
| | ) | No. 13 M1 450143 |
| THE CITY OF CHICAGO, DEPARTMENT | ) | |
| OF ADMINISTRATIVE HEARINGS, and | ) | The Honorable |
| THE CITY OF CHICAGO, COMMISSION | ) | Joseph M. Sconza |
| ON ANIMAL CARE AND CONTROL, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE COBBS delivered the judgment of the court, with opinion.
Justices Howse and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1     The City of Chicago Commission on Animal Care and Control (Commission) declared that two St. Bernard dogs owned by plaintiff, Zeonid Modrytzkji, were "dangerous animals" as defined by section 7-12-020 of the Chicago Municipal Code. Chicago Municipal Code § 7-12-020 (amended Oct. 16, 1984). Thereafter, plaintiff requested a hearing at the Chicago Department of Administrative Hearings (Department). The Administrative Law Judge (ALJ) for the Department affirmed the dangerous animal determinations. Plaintiff then appealed to

the circuit court, requesting review of the Department's decision. The circuit court affirmed. Plaintiff now appeals, arguing that the circuit court's review of the administrative decision was improper because it was based on an incomplete and inaccurate record and that the administrative order must be reversed because plaintiff did not receive a hearing within the mandated time for review. Defendant, the City of Chicago (City), argues that the Department did not have jurisdiction to conduct a hearing because plaintiff's request for a hearing was not timely. The City further argues that the Department's lack of jurisdiction deprived the circuit court and this court of jurisdiction to review the Department's decision. For the following reasons, the circuit court's judgment and the decision of the Department are vacated.

¶ 2                                                    BACKGROUND

¶ 3        On July 9, 2012, at approximately 6 a.m., plaintiff's friend, Tom Doris, was walking his two dogs, Mala and Munia. At the same time, Sara Lorenzo was walking her small dog Maverick. When Sara and Maverick exited the gangway next to their building, Maverick was immediately scooped up by Munia. Munia held Maverick in her mouth and shook him as Mala lunged toward him and nipped at him. Despite attempts from Sara and Tom to get Munia to release Maverick, Munia did not let him go until minutes later when Daniel Lorenzo, Sara's husband, heard the commotion, ran outside, and punched Munia in the mouth. Maverick passed away on the way to the Animal Emergency & Treatment Center of Grayslake.

¶ 4        From that incident, plaintiff was issued five Administrative Notices of Ordinance Violations. He received two violations for owning unlicensed animals, one each for Mala and

Munia, two citations for not having valid rabies certifications for each dog, and one citation for Munia being an unrestrained animal.

¶ 5        Additionally, Commission inspector Tony Delrio investigated the incident. He spoke to Sara and Daniel as well as plaintiff, the owner of the St. Bernards. Delrio found that the animals were dangerous and gave a written report to the Commission's director, Sandra Alfred. Based upon that report, pursuant to her authority under section 7-12-050 of the Chicago Municipal Code, Director Alfred determined that the dogs were dangerous and ordered the animals barred from the city of Chicago and "microchipped." See Chicago Municipal Code § 7-12-050 (added Oct. 2, 1995). On September 24, 2012, she sent notice of the determinations, orders and restrictions to plaintiff. The notice also informed plaintiff that he had the right to appeal the dangerous animal determinations "by filing a written request with my office (2741 S. Western, Chicago, Illinois 60608) for a hearing within seven days from the date of this letter." Plaintiff sent the Commission a written request for a hearing, which was received by the Commission on November 5, 2012. In response, the Commission sent plaintiff a "Notice of Hearing," which informed him that a hearing on the dangerous animal determinations would occur on November 26, 2012, and that "the City intends to object to the timeliness of your request for an appeal under Municipal Code Chapter 7-12-050(d)."

¶ 6        On November 19, 2012, plaintiff appeared at the Department and requested that the dangerous animal determination hearing occur at the same time as the five ordinance violation hearings on December 10, 2012. Plaintiff's request was granted. Ultimately, plaintiff pleaded liable to the unrestrained dog ordinance violation, the remaining ordinance violations were nonsuited, and the dangerous dog determination hearing was continued to

March 12, 2012. At that hearing, plaintiff motioned to dismiss the case because the hearing was not held within 30 days of his request as required by section 7-12-050(e) of the Chicago Municipal Code. Chicago Municipal Code § 7-12-050(e) (added Oct. 2, 1995). The ALJ denied the motion. The City presented its case and introduced into evidence Sara Lorenzo's affidavit. However, the ALJ denied the City's request to admit victim reports from the Commission's investigation for lack of sufficient procedural safeguards. Plaintiff then presented his case and introduced into evidence the five ordinance violations. After hearing arguments from both sides, the ALJ affirmed the director's determinations that both Mala and Munia were dangerous animals.

¶ 7        Plaintiff appealed the final decision of the Department to the circuit court. During those proceedings, the City was granted leave to supplement the record. The supplement contained documents that were not admitted at the Department hearing, specifically the victim reports that were excluded. However, plaintiff's exhibits that were admitted were not in the record. On May 15, 2014, the circuit court affirmed the decision of the Department, from which plaintiff now appeals.

¶ 8                                                            ANALYSIS

¶ 9        The City contends that the Department did not have jurisdiction[1] to conduct a hearing on the dangerous animal determinations because plaintiff's request for a hearing was untimely. The City further argues that the Department's alleged lack of authority deprived the circuit court and this court of jurisdiction to review the appeal. As a challenge to jurisdiction is a threshold matter, we must address it first, before we can reach the substance of plaintiff's

---

[1]Although administrative agencies do not have "jurisdiction," the term can be used to designate the agency's authority to act (*Farrar v. City of Rolling Meadows*, 2013 IL App (1st) 130734, ¶ 14 (citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n,* 136 Ill. 2d 192, 243 (1989)) and in some administrative contexts, the terms "jurisdiction" and "authority" are used interchangeably. *Business & Professional People for the Public Interest*, 136 Ill. 2d at 244.

appeal. We note that the City failed to successfully make an argument regarding authority at the Department and there is nothing in the record demonstrating that the City challenged jurisdiction in the circuit court. However, a challenge to jurisdiction can be raised at any time. *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 726 (1990) (citing *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 215 (1985)). A determination of the Department's jurisdiction necessarily informs the issue of jurisdiction in the circuit court and in the appellate court. Thus, we initially consider whether the Department had "jurisdiction" or authority to act. Whether an administrative agency has jurisdiction is a question of law that is reviewed *de novo*. *Vogue Tyre & Rubber Co. v. Office of the State Fire Marshal of State*, 354 Ill. App. 3d 20, 23 (2004).

¶ 10 An administrative agency's authority is limited to that which is specified by statute. *Farrar v. City of Rolling Meadows*, 2013 IL App (1st) 130734, ¶ 14. " 'Since an administrative agency *** is a creature of statute, its jurisdiction or authority must be found within the provisions of the statute by which it acts.' " *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2015 IL App (5th) 140092, ¶ 35 (quoting *Byington v. Department of Agriculture*, 327 Ill. App. 3d 726, 730 (2002)). Thus, parties seeking review of an agency decision must "strictly comply" with the procedures set forth in the statute or ordinance. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 182 (2006).

¶ 11 The City of Chicago has the authority under its home rule powers to establish administrative agencies. Ill. Const. 1970, art. VII, § 6(a). Pursuant to this power, the City created the Commission and vested it with authority to determine whether an animal is a "dangerous animal" and, if so, to require the animal's owner to comply with orders specified

by the ordinance. Chicago Municipal Code § 7-12-050 (added Oct. 2, 1995). Section 7-12-050(d)-(e) of the Chicago Municipal Code sets forth the procedures by which an owner can appeal the agency's determination. Chicago Municipal Code § 7-12-050(d)-(e) (added Oct. 2, 1995). It provides, in relevant part, that the director of the Commission must send a notice of the dangerous animal determination to the owner "informing the owner of his or her right to appeal such determination by filing a written request for a hearing within seven days of service of the notice." Chicago Municipal Code § 7-12-050(d) (added Oct. 2, 1995). Additionally, section 2-14-190(c) of the Chicago Municipal Code authorizes the Department to conduct hearings to review other City of Chicago agencies' decisions, including decisions of the Commission. Chicago Municipal Code § 2-14-190(c) (added July 10, 1996); see also 65 ILCS 5/1-2.1-2 (West 2012) (authorizing municipalities to provide for a system of adjudication of municipal code violations). The dangerous animal provision of the Commission's enabling ordinance also contemplates that the Department will conduct hearings to review its decisions when an owner has requested a hearing. Chicago Municipal Code § 7-12-050(e) (added Oct. 2, 1995).

¶ 12    Accordingly, the Department has authority to hear an owner's appeal of the Commission's determination that his or her dog is a "dangerous animal." However, the ordinance states that an owner has a right to appeal the determination "within seven days of the service of the notice." It does not provide for written requests for hearings that are filed beyond seven days of the notice and there is nothing in the Chicago Municipal Code that authorizes the Department to conduct hearings when a request for a hearing is untimely. Because the Department only has limited statutory authority, its powers cannot be expanded beyond what is authorized by the Chicago Municipal Code. See *Farrar v. City of Rolling Meadows*, 2013

IL App (1st) 130734, ¶ 14; *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2015 IL App (5th) 140092, ¶ 35.

¶ 13    Furthermore, Illinois courts have recognized that the same rule governing commencement of administrative review actions in the circuit court also applies to the initiation of administrative proceedings. Under the Administrative Review Law, the 35-day time limitation to commence review of an administrative decision in the circuit court is jurisdictional, and therefore the court cannot hear a case filed beyond 35 days of the final administrative decision. *Fredman Brothers Furniture Co.*, 109 Ill. 2d at 209-10; 735 ILCS 5/3-103 (West 2012). The court has held that this concept likewise applies to time limitations for commencing actions in administrative courts. *Miller v. Daley*, 14 Ill. App. 3d 394, 398 (1973).  In fact, "Illinois has consistently held that time limitations upon bringing actions before administrative agencies are matters of jurisdiction which cannot be tolled. [Citations.]" *Reilly v. Wyeth*, 377 Ill. App. 3d 20, 33-34 (2007). Additionally, statutory language similar to the dangerous animal provision in the Chicago Municipal Code has been interpreted to be to be jurisdictional. See *El Sauz, Inc. v. Daley*, 328 Ill. App. 3d 508, 515 (2002) (holding that the Liquor Control Act of 1934's (235 ILCS 5/7-10 (West 1998)) provision stating "[w]ithin 20 days after the service of any rule, regulation, order or decision *** upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission" is jurisdictional).

¶ 14    Here, it is undisputed that the Commission sent notice of the dangerous animal determination to plaintiff on September 24, 2012, and that plaintiff's request for a hearing was received by the Commission on November 5, 2012, over 40 days later.  Plaintiff was required by the ordinance to file his request for a hearing by October 1, 2012, and he failed to

comply. Plaintiff did not argue before the Department or in his brief that he did not receive the notice of the dangerous dog determination and his right to request a hearing in a timely fashion. Further, we note that the record reveals that plaintiff was aware that the Commission was conducting an investigation of his dogs before the determination was sent. Therefore, because plaintiff's request for a hearing was untimely, the Department did not have authority to conduct a hearing on plaintiff's dogs' "dangerous animal" status and related orders. A decision of an administrative agency that does not have authority from the enabling statute is void. *Weingart v. Department of Labor*, 122 Ill. 2d 1, 17 (1988); *Wabash County, Illinois v. Illinois Municipal Retirement Fund*, 408 Ill. App. 3d 924, 930 (2011). Therefore, the Department's decision is void and the Executive Director's determinations which were mailed on September 24, 2012, stand.

¶ 15    We next consider the City's argument that the circuit court was deprived of jurisdiction because the Department's decision was void. Initially, we note that plaintiff complied with the requirements of the Administrative Review Law when appealing the Department's decision to the circuit court. See 735 ILCS 5/3-103 (West 2012). Therefore, the matter was properly before the circuit court. However, because the Department's judgment was void, the circuit court did not have the authority to consider the merits of plaintiff's appeal. See *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 432 (2005) (holding that when a lower court enters an order without jurisdiction, the reviewing court cannot reach the substance of the appeal). Rather, the circuit court was limited to reviewing the Department's decision for whether the decision was void. *Id.* In the instant matter, the circuit court failed to consider the authority of the Department and improperly considered the substance of plaintiff's

arguments.[2] Accordingly, because the circuit court did not have authority to rule on the merits, the circuit court order must be vacated.

¶ 16     Finally, the City similarly argues that this court lacks jurisdiction. Although, like the circuit court, this court cannot hear the substantive arguments regarding the propriety of a judgment entered without jurisdiction, "that does not mean that the appellate court has no jurisdiction at all." *People v. Bailey*, 2014 IL 115459, ¶ 29. The appellate court must have a means to exercise the authority conferred on it by law to review, recognize and correct any action that exceeds the lower court's jurisdiction. *Id.* Accordingly, this court has jurisdiction over this matter. However, for the reasons stated, we are limited on review to considering whether the Department had authority to act. See *Kyles,* 359 Ill. App. 3d at 432. As discussed above, we find that the Department did not have authority to conduct the hearing on the dangerous animal determinations and consequently its order was void. Accordingly, we do not reach plaintiff's additional claims of error.

¶ 17                                        CONCLUSION

¶ 18     For the foregoing reasons, the judgment of the circuit court of Cook County is vacated and the order of the Department is vacated.

¶ 19     Orders vacated.

---

[2] We note that on administrative review, the appellate court does not review the decision of the circuit court, we review the agency's decision. *Sloper v. City of Chicago, Department of Administrative Hearings*, 2014 IL App (1st) 140712, ¶ 15.