NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

NO. 4-21-0536

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 10, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JANET CAMPBELL, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| GRACE B. HOU, in Her Official Capacity as Secretary | ) | No. 21MR5 |
| of Human Services; COREY KISTNER, DANIELLE | ) | |
| KINNEY, KATHY BUTCHER, and MISSY ADE, | ) | Honorable |
|     Defendants-Appellees. | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed the trial court's dismissal with prejudice of the plaintiff's complaint in administrative review where she lacked standing to challenge the agency's decision.

¶ 2    Plaintiff, Janet Campbell, appeals an order of the circuit court of Sangamon County dismissing with prejudice her complaint in administrative review for lack of standing. Janet sought review of a decision of the Illinois Department of Human Services (Department) to impose a spenddown and penalty on medical benefits afforded to Janet's husband, Burnie Campbell. In 2017, when Burnie was a nursing home resident, he applied to the Department for long-term care benefits. The Department approved Burnie's application in 2020, after Burnie had died. Burnie's representative then administratively appealed the spenddown and penalty. Defendant, Grace B. Hou, as secretary of the Department, upheld that decision in an order filed on November 30, 2020. The trial court dismissed Janet's complaint in administrative review,

finding that Janet lacked standing because she was not a party to the administrative proceedings and she was not an applicant for, or recipient of, public aid benefits. On appeal to this court, Janet argues that she has standing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On March 24, 2017, Burnie entered a long-term care facility. On June 29, 2017, Burnie applied to the Department for medical benefits. Burnie died on December 14, 2019. On February 5, 2020, the Department approved Burnie's application. However, the grant of benefits was subject to a spenddown of $310,081 and a penalty of $385,543. The reason given for the spenddown and penalty was that Burnie transferred assets for less than fair market value within five years of his application for benefits.

¶ 5            Before Burnie entered the nursing home, he appointed his son, Gary, as his power of attorney. After Burnie entered the nursing home, but before Burnie died, Gary gave defendant, Missy Ade, who was the nursing home's business manager, written authorization to appeal any decision by the Department on Burnie's behalf. On February 11, 2020, Ade filed an administrative appeal. In the administrative appeal, Burnie, though deceased, was named as the "appellant." Ade appeared and testified before the Administrative Law Judge (ALJ) as Burnie's "representative." Janet alleged in her complaint before the trial court that defendants, Corey Kistner, Danielle Kinney, and Kathy Butcher, were all representatives of the Department who appeared at the administrative hearing on Burnie's appeal.

¶ 6            The Department's evidence before the ALJ showed that Burnie applied for benefits and that his application was approved subject to the spenddown and penalty. According to Hou's order, Ade testified that the "facility agrees that the penalty is correct." According to Hou's summary of the evidence before the ALJ, Ade also testified that "[Janet] and attorney

disagree with the penalty." Hou further summarized Ade's testimony as follows: "The penalty is due property [*sic*] left to [Janet] via her ex-husband's will. The funds from the sale of the property was [*sic*] deposited into [Burnie and Janet's] joint account." In her order, Hou stated that the issue was whether the Department correctly assessed the penalty. Hou found that "[Ade] provided no evidence nor any testimony to contravene the imposed penalty." Thus, Hou upheld the Department's decision.

¶ 7 On January 4, 2021, Janet filed a complaint in the circuit court pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2020)) challenging Hou's order upholding the Department's decision. On March 4, 2021, Kistner, Kinney, and Butcher filed a motion to dismiss themselves from the suit because they were "misjoined." They argued that they were not parties to the administrative proceedings. The court did not rule on this motion.

¶ 8 On March 29, 2021, Hou moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020)) on the ground that Janet lacked standing, as Janet (1) was not a party to the administrative proceedings and (2) was not an applicant for, or recipient of, public aid benefits. On August 19, 2021, the court held a hearing on Hou's motion to dismiss. The record contains a bystander's report of that proceeding. The bystander's report recites, *inter alia*, that Burnie applied for benefits, Gary authorized Ade to pursue Burnie's administrative remedies, and Ade administratively appealed the Department's decision on Burnie's behalf. Hou argued that Janet could have acquired standing by opening an estate and proceeding as its administrator, as the court pointed out in *Gatica v. The Department of Public Aid*, 98 Ill. App. 3d 101, 108 (1981), but she failed to do so. The bystander's report indicates that Ade's counsel was present at the hearing but did not participate. The court took the matter under advisement and issued its written ruling on August

23, 2021. The court granted Hou's motion to dismiss, ruling that "[b]ecause [Janet] was not a party to the Administrative case and was not an applicant or recipient of the Public Aid medical benefits at issue, she has no standing to appeal the November 30, 2020, Final Administrative Decision."

¶ 9　　　　This timely appeal followed.

¶ 10　　　　　　　　　　II. ANALYSIS

¶ 11　　　　Preliminarily, we have a duty to independently consider our jurisdiction prior to addressing the merits of the appeal. *In re Marriage of Gaudio*, 368 Ill. App. 3d 153, 156 (2006). Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) allows appeals from final judgments. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on some definite and separate part of the controversy." *Dubina*, 178 Ill. 2d at 502. A dismissal with prejudice is generally considered a final judgment. *Dubina*, 178 Ill. 2d at 502. However, a final order disposing of fewer than all claims or the rights and liabilities of fewer than all parties is not enforceable or immediately appealable. *Dubina*, 178 Ill. 2d at 502.

¶ 12　　　　Here, the court did not rule on the motion to dismiss Kistner, Kinney, and Butcher. Hou recognizes that those defendants' motion was still pending when the notice of appeal was filed, but she contends that the dismissal of the complaint with prejudice rendered their motion to dismiss moot. We agree. After the court dismissed Janet's complaint with prejudice, there was no controversy. "A moot controversy is one which once existed, but which, because of the happening of certain events, has ceased to exist and no longer presents an actual controversy over the rights and interests of a party." *Shifris v. Rosenthal*, 192 Ill. App. 3d 256, 261 (1989); *County of Tazewell ex rel. Hranka v. Zimmerman*, 2021 IL App (3d) 200315, ¶ 20

- 4 -

(question whether a special prosecutor should be appointed was rendered moot when the plaintiff's case was dismissed with prejudice). Having established that we have jurisdiction, we turn to the merits.

¶ 13 When reviewing a decision under the Administrative Review Law, we review the agency's decision rather than the circuit court's determination. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 351 Ill. App. 3d 1109, 1113 (2004). Here, however, we are not reviewing the agency's decision but the circuit court's ruling dismissing Janet's complaint in administrative review. See *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 357 (2006) (our supreme court reviewed and affirmed the circuit court's dismissal of a complaint in administrative review).

¶ 14 The only issue raised by this appeal is whether Janet has standing to seek administrative review of Hou's order. Hou raised Janet's lack of standing in her section 2-619 motion to dismiss the complaint. Lack of standing is an affirmative matter properly raised in a section 2-619 motion to dismiss. *Young v. Herman*, 2018 IL App (4th) 170001, ¶ 45. We review *de novo* the court's dismissal of plaintiff's complaint. *Kroutil v. State Farm Mutual Automobile Insurance Co.*, 2021 IL App (4th) 210238, ¶ 14.

¶ 15 Here, the court found two obstacles to Janet's standing: she was not an applicant for, or a recipient of, public aid, and she was not a party to the administrative proceedings. Article V of the Illinois Public Aid Code (Public Aid Code) (305 ILCS 5/5-1 *et seq.* (West 2020)) affords essential medical care and rehabilitative services for persons receiving grants thereunder. 305 ILCS 5/5-1 (West 2020). According to Hou's order, the Department determined Burnie's eligibility for benefits pursuant to the provisions of Article V of the Public Aid Code and the applicable requirements of the Illinois Administrative Code. In her complaint, Janet

acknowledged that the Department has "jurisdiction" to act on requests for medical benefits, including payment for care in a nursing home. Thus, there is no dispute that the provisions of the Public Aid Code apply in this case. There is also no dispute that section 11-8.7 of the Public Aid Code provides that the Administrative Review Law governs all appeals by "applicants" or "recipients" of public aid. 305 ILCS 5/11-8.7 (West 2020). Section 3-102 of the Administrative Review Law (735 ILCS 5/3-102 (West 2020)) provides that judicial review of agency decisions is restricted to parties to the proceedings before the administrative agency. This court recognized that a "long-standing general rule exists that 'administrative review is limited to *parties of record* before the administrative agencies and then only when their rights, duties, or privileges are adversely affected by the decision.' " (Emphasis in original.) *Sierra Club v. Office of Mines & Minerals*, 2015 IL App (4th) 140405, ¶ 27 (quoting *Board of Education of Roxana Community School District No. 1 v. Pollution Control Board*, 2013 IL 115473, ¶ 20). "[O]ne who was not a 'party' to the administrative proceeding or is not 'aggrieved by the agency decision' does not have standing to seek judicial review of the decision." *Kemp-Golden v. Department of Children & Family Services*, 281 Ill. App. 3d 869, 873 (1996) (quoting *Williams v. Department of Labor*, 76 Ill. 2d 72, 79 (1979)).

¶ 16         Here, according to the bystander's report, it was established at the hearing on Hou's motion to dismiss that Burnie applied for the benefits, Gary authorized Ade to pursue Burnie's administrative remedies, and Ade administratively appealed the Department's decision. The record also establishes that Burnie was the appellant before the Department and Ade was his representative. The only mention of Janet during the administrative proceedings was Ade's testimony that Janet disagreed with the spenddown and penalty and that Janet sold property, the

proceeds of which she placed in a joint account with Burnie. It is undisputed that Janet was not a party of record before the agency.

¶ 17 Janet argues that standing requires only an "injury" to a "legally cognizable interest," citing *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462 (1988). In *Greer*, our supreme court held that the injury must be (1) "distinct and palpable," (2) "fairly traceable" to the defendant's actions, and (3) substantially likely to be redressed by obtaining the requested relief. *Greer*, 122 Ill. 2d at 493. Janet argues that she has suffered financially because she is liable under the Family Expense Act (750 ILCS 65/15 (West 2020)) to Burnie's nursing home for the spenddown and penalty. Janet argues that her injury is "directly" traceable to the Department's actions because the Department refuses to apply the benefits until Janet satisfies the spenddown. Janet maintains that her injury can be redressed by reversal of the Department's decision.

¶ 18 Janet acknowledges that section 11-8.7 of the Public Aid Code limits judicial review to "applicants" and "recipients," but she urges us to ignore that statute, seemingly on the basis that the legislature is without authority to place limits or conditions on standing to bring a statutory cause of action. Janet argues that "standing" is an "overarching legal principle" not "limited by statutes." Janet cites no authority for this proposition. Janet's reliance on *Greer* is misplaced, as *Greer* involved neither the Administrative Review Law nor the Public Aid Code. Indeed, the legislature can prescribe conditions for instituting a proceeding for statutory relief, and anyone meeting those conditions has statutory standing to bring the suit. *People v. Coe*, 2018 IL App (4th) 170359, ¶ 47. In *Coe*, we noted that there is "common-law standing," which requires an injury in fact to a legally cognizable interest, and there is "statutory standing," which requires the "fulfillment of statutory conditions in order to sue for legislatively created relief."

*Coe*, 2018 IL App (4th) 170359, ¶ 43. Here, the Public Aid Code adopted the Administrative Review Law but imposed the condition that the person challenging the Department's order must be either an applicant for, or a recipient of, public aid. The legislature, " 'having conferred a right of action,' " can determine " 'who shall sue and the conditions under which the suit may be brought.' " *Coe*, 2018 IL App (4th) 170359, ¶ 43 (quoting *Wilson v. Tromly*, 404 Ill. 307, 310 (1949)).

¶ 19        Alternatively, Janet argues that applying section 11-8.7 is "unjust and unfair" in these circumstances. In her brief, Janet asserts that she deposited the proceeds of the farmland sale into a joint account with Burnie but shortly thereafter moved the money into an investment account in which Burnie had no interest. Janet argues that the short time that the sale proceeds were in the joint account did not "transmute" those proceeds into marital property. Janet further argues that she did not intend to gift that money to Burnie. We cannot write the standing requirements out of the Public Aid Code to address Janet's predicament, which really was of her own making. As the assistant attorney general suggested at the hearing on Hou's motion to dismiss, Janet could have opened an estate and proceeded before the Department as special administrator. Parties seeking review of an agency's decision must " 'strictly comply' " with the procedures set forth in the statute. *Austin Gardens, LLC v. City of Chicago Department of Administrative Hearings*, 2018 IL App (1st) 163120, ¶ 18 (quoting *Modrytzkji v. City of Chicago*, 2015 IL App (1st) 141874, ¶ 10). "We apply the statutes of this State as written, and do not carve out exceptions that do not appear in the statute simply because we do not like how a statute applies in a given case." *In re C.C.*, 2011 IL 111795, ¶ 41.

¶ 20        Further, even if we could ignore section 11-8.7, Janet cannot comply with the Administrative Review Law, which requires her to be a party of record to the administrative

proceedings. Janet makes no argument to the contrary, and she has no other right of review. Where the Administrative Review Law is adopted, as it was by the Public Aid Code, the Administrative Review Law bars any other statutory, common law, or equitable mode of review of decisions of administrative agencies. *Goral v. Dart*, 2020 IL 125085, ¶ 34. Accordingly, we hold that the trial court properly granted with prejudice Hou's section 2-619 motion to dismiss the complaint.

¶ 21                                     III. CONCLUSION

¶ 22          For the reasons stated, we affirm the trial court's judgment.

¶ 23          Affirmed.