No. 1–02–1131  First Division

July 15, 2002

AMERICAN FEDERATION OF STATE, ) Appeal from the

COUNTY, AND MUNICIPAL EMPLOYEES, ) Circuit Court of

COUNCIL 31; HENRY BAYER; JAMES ) Cook County.

HOWELL; LOVANA JONES; and WILLIAM )

DELGADO, )

) 

Plaintiffs-Appellants, )

)

) 02 CH 07462

)

GEORGE RYAN, the Governor of the State of )

Illinois; DONALD SNYDER, Director of the )

Illinois Department of Corrections; JUDY BAAR )

TOPINKA, the State Treasurer of Illinois; and )

DANIEL HYNES, the Comptroller of the State of )

Illinois ) The Honorable

) Gay-Lloyd Lott,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE COHEN delivered the opinion of the court:

The Illinois General Assembly appropriated $8,297,300 "or so much thereof as may be necessary" to meet the ordinary and contingent expenses of the Illinois Department of Corrections (IDOC) for the operation of the Illinois Youth Center at Valley View (Valley View) in the fiscal year ending June 30, 2002.   Pub. Act 92–8, eff. July 1, 2001.  In a letter dated April 9, 2002, defendants announced that they intend to close the Valley View facility on May 15, 2002.   Defendants have begun transferring inmates to other facilities to effectuate the closure.  Plaintiffs sought a writ of 
mandamus
 to compel defendants to continue to spend the funds appropriated by the legislature for operating Valley View through June 30, 2002. 

During the pendency of the 
mandamus 
action, plaintiffs filed a motion for a temporary restraining order seeking to: (1) require defendants to "honor the appropriations of the General Assembly for the operation of *** Valley View"; (2) enjoin defendants from transferring inmates from Valley View "if the transfer is required by defendants' plan to close Valley View by May 15, 2002"; and (3) prohibit the layoff of any employees in connection with the closing.  The trial court denied plaintiff's motion, finding that the requested temporary restraining order would impermissibly infringe on the defendants' statutory authority to close the facility.  Plaintiff then filed a petition for interlocutory appeal as of right in this court pursuant to Supreme Court Rule 307(d).  166 Ill. 2d R. 307(d).

A temporary restraining order is a drastic remedy which may issue only in exceptional circumstances and for a brief duration.  
Jurco v. Stuart
, 110  Ill. App. 3d 405, 408 (1982).  The purpose of a temporary restraining order is to preserve the status quo until the court can conduct a hearing to determine whether it should grant a preliminary injunction.  
Stocker Hinge Manufacturing Co. v. Darnel Industries, Inc.
, 94 Ill. 2d 535, 541 (1983).  To be entitled to temporary injunctive relief, plaintiffs must demonstrate that they: (1) possess a protectable right; (2) will suffer irreparable harm without the protection of an injunction; (3) have no adequate remedy at law; and (4) are likely to be successful on the merits of their action.  
Murges v. Bowman
, 254  Ill. App. 3d 1071, 1081 (1993).  We will reverse the trial court's denial of a temporary restraining order only if the trial court abused its discretion.  
C.D. Peters Construction Co. v. Tri-City Regional Port District
, 281  Ill. App. 3d 41, 47 (1996).

Plaintiffs argue that they have a protectable right to compel defendants to spend the funds appropriated by the legislature for operation of Valley View through the end of fiscal year 2002. In support of this position, plaintiffs rely principally on 
West Side Organization Health Services Corp. v. Thompson
, 73  Ill. App. 3d 179 (1979), 
rev'd on grounds of mootness
, 79 Ill. 2d 503 (1980).  In 
West Side Organization Health Services Corp.
, the  Illinois General Assembly passed an appropriations bill which included $3,545,000 for use by the Dangerous Drugs Commission (DDC) for the purchase of drug abuse treatment services.  Governor Daniel Walker exercised his veto authority to reduce that appropriation by $100,000 to $3,445,000.  The legislature then overrode Governor Walker's veto and the appropriation of $3,545,000 became law.  Subsequently, Governor James Thompson informed the DDC that no allotment for the purchase of drug abuse services in excess of $3,445,000 would be approved.  The $100,000 amount restored to the appropriation by the legislature was reserved by the Governor for state budgetary reasons.  The plaintiffs sought a writ of 
mandamus 
to prevent Governor Thompson from interfering with the DDC's use of the appropriated funds.  The trial court dismissed the complaint based on the doctrines of separation of powers and sovereign immunity, lack of standing, and failure to state a cause of action.  
West Side Organization Health Services Corp.
, 73  Ill. App. 3d at 182.

On appeal, this court reversed.  
West Side Organization Health Services Corp.
, 73  Ill. App. 3d at 192.  In 
West Side Organization Health Services Corp.
, we held that a resident-taxpayer has standing to sue to challenge an alleged misuse of public funds, rejecting the argument that a taxpayer only has standing to sue to prevent an increase in government spending.  
West Side Organization Health Services Corp.
, 73  Ill. App. 3d at 186-87.  We further held that Governor Thompson lacked either statutory or constitutional authority to reserve a portion of funds that the legislature had appropriated for use by a state agency, noting that "[t]o imply that the executive possesses inherent powers which supersede the legislative function of appropriating public funds is to disregard the separation-of-powers doctrine."  
West Side Organization Health Services Corp.
, 73  Ill. App. 3d at 191-92.

West Side Organization Health Services Corp.
 is inapplicable to the instant case.  The plaintiffs in that case alleged that the Governor had interfered with a state agency's use of the funds appropriated to the agency by the legislature.  In contrast, plaintiffs in the case before us allege that–based on a 
joint
 decision of the Governor and the Director of the IDOC to close Valley View–the IDOC will not spend the full amount appropriated to it for the operation of Valley View. 

Plaintiffs have presented neither authority nor argument for the proposition that the IDOC lacks authority to close Valley View.  Instead, plaintiffs argue as the legislature appropriated funds for the operation of Valley View through June 30,  2002, defendants are required to spend those funds on the continued operation of Valley View through June 30, 2002.  However, "discretion to spend or not to spend within the parameters set by the legislature rests with the agency for whose use the funds have been appropriated."  
West Side Organization Health Services Corp.
, 73  Ill. App. 3d at 189.  Courts are not to intervene in matters within the discretion of the IDOC.  
People v. Lego
, 212  Ill. App. 3d 6, 8 (1991), citing 
People v. Fowler
, 14 Ill. 2d 252 (1958).  Further, Public Act 92–8 cannot be read to require the continued operation of Valley View as an appropriation bill may not contain substantive law and may not command the performance of an act (
Board of Trustees of Community College District No. 508 v. Burris
, 118 Ill. 2d 465, 481 (1987)). 

Because plaintiffs have failed to demonstrate both that they possess a protectable right to prevent defendants from closing Valley View prior to June 30, 2002, and a likelihood of success on the merits of this case, we find the trial court did not abuse its discretion in denying plaintiff's motion for a temporary restraining order.  Accordingly, the judgment of the trial court denying plaintiffs' motion for a temporary restraining order is affirmed.

Affirmed.

McNULTY and COUSINS, JJ., concur.