NOTICE
Decision filed 05/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220269-U

NO. 5-22-0269

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| ROBERT THORNTON, SHAWN HOLLAND, ASHLEY HEFFELFINGER, CHARLES SPIVEY, SHANDA JACKSON, PAUL GIFFEN, DEAWN RHODES, MICHAEL JONES, JOSH RICKEY, BLAKELEE OSWALD, JACOB FREEMAN, JACOB ROACH, JAMES DUNNAN IV, JARED RUSK, JOHN CRUM, NATHAN DEUSHANE, NICK JONES, ANDREW CAMPBELL, ANDREW VOLK, BRADLEY ELLIS, CHAD LEMAR, CHRISTIAN BECKER, COURTNEY EDWARDS, GREG EDWARDS, HOLLY LEMAR, JEFF WALSH, ASHLEY HANDLEY, CHARLOTTE HARDEN, KAYLA NEIN, MELISSA ROSS, MICHAEL TIMONEY, CRAIG MORGAN, DION SULLIVAN, JESS BURLEY, NICHOLAS BYERS, JACOB ROY, MATTHEW VAUGHN, JEREMY FINK, CHERYL WHITE, DEREK PARK, MICHAEL DULAKIS, MICHAEL ECKERT, SHANE HULICK, SHARON PRICE, and MATTHEW ORWIG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Christian County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 22-MR-28 |
| ILLINOIS DEPARTMENT OF CORRECTIONS, DEPARTMENT OF CENTRAL MANAGMENT SERVICES, and ROB JEFFREYS, in his capacity as Director of the Illinois Department of Corrections, | ) ) ) ) ) | |
| Defendants-Appellees. | ) ) ) | Honorable Stanley M. Brandmeyer, Judge, presiding. |

_____

1

JUSTICE CATES delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

## ORDER

¶ 1    *Held*: Where the circuit court dismissed the plaintiffs' cause of action on the merits, the plaintiffs' appeal challenging the denial of the plaintiffs' motion for the temporary restraining order is moot. Appeal dismissed.

¶ 2    The plaintiffs[1] filed an action seeking a declaratory judgment and injunctive relief, alleging that a COVID-19 vaccination and testing policy, implemented by the defendants, Illinois Department of Corrections (IDOC), Illinois Department of Central Management Services (CMS), and Rob Jeffreys, in his capacity as the Director of the Illinois Department of Corrections, violated the due process rights afforded them under the Illinois Department of Public Health Act (Public Health Act) (20 ILCS 2305/1.1 *et seq.* (West 2020)). The plaintiffs also filed a motion for a temporary restraining order to enjoin the defendants from requiring the plaintiffs to submit to vaccination or regular testing as a condition of their employment. Following a hearing, the circuit court determined that it lacked subject matter jurisdiction of the plaintiffs' claims, and it denied the plaintiffs' motion for a temporary restraining order and dismissed their cause of action. The plaintiffs brought this interlocutory appeal from the denial of their motion for temporary restraining order. For the reasons that follow, we dismiss the appeal as moot.

¶ 3    In response to the Coronavirus (COVID-19) pandemic, Illinois Governor Jay R. Pritzker issued Executive Order 2021-22, which imposed, among other things, a

---

[1]At the time the action was filed, all plaintiffs were employed by the Illinois Department of Corrections.

2

requirement that state employees, who were working in congregate care facilities[2] operated by IDOC and other state agencies, get vaccinated against COVID-19, or, if granted a medical or religious exemption from vaccination, submit to regular testing for COVID-19. See Executive Order 2021-22 (https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-22.2021.html (last visited May 6, 2022)).[3] As part of the executive order, CMS was instructed to negotiate with the relevant labor unions and to bargain the provisions as appropriate under law.

¶ 4    In August 2021, CMS began negotiating with the American Federation of State, County & Municipal Employees (AFSCME) regarding a number of matters, including COVID-19 vaccination and testing requirements of state employees. When negotiations between CMS and the bargaining unit representing corrections employees reached an impasse, AFSCME invoked its right to proceed to interest arbitration[4] under section 14 of the Illinois Public Labor Relations Act (5 ILCS 315/14 (West 2020)). In an interim award, dated December 29, 2021, the arbitration panel, with one arbitrator dissenting, determined that the State should mandate COVID-19 vaccinations for the employees covered under the collective bargaining agreement, and that the affected employees should receive the first COVID-19 vaccinations no later than January 31, 2022. See *In re Arbitration Between*

---

[2]A congregate care facility is a facility where persons reside and share common spaces.

[3]The appellate court may take judicial notice of information on official governmental websites. See generally, *People v. Johnson*, 2021 IL 125738, ¶ 54; *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44.

[4]Interest arbitration is used to settle differences that have led to an impasse in bargaining over the terms or provisions that will be included in a new contract. In contrast, grievance arbitration is used to resolve a dispute over the violation or interpretation of an existing contract. See Black's Law Dictionary (11th ed. 2019) (subdefinitions under the definition of "arbitration").

*State of Illinois & AFSCME Council 31*, No. 2-MA-22-121.pdf, at 52 (Dec. 29, 2021), (https://www2.illinois.gov/ilrb/arbitration/Documents/S-MA-22-121.pdf (last visited May 6, 2022).[5] The matter was remanded to the parties to negotiate an agreement on implementation of the appropriate COVID-19 procedures, including vaccinations, but they were unable to reach an agreement. On January 19, 2022, the arbitration panel issued its final opinion and award.[6] The award incorporated the provisions of the interim award and required affected IDOC employees to submit proof that they received their first vaccination no later than January 31, 2022, and their second dose no more than 35 days later. It further provided that affected employees could request an exemption from the COVID-19 vaccination requirement based upon documented medical conditions or religious reasons. Requests were to be reviewed and determined by CMS. The award also addressed approved time off and disciplinary proceedings for employees who did not comply with the policy requirements.

¶ 5    On April 14, 2022, the plaintiffs filed their "First Amended Verified Complaint for Declaratory and Injunctive Relief"[7] in the circuit court of Christian County. According to the complaint, all plaintiffs were members of AFSCME and subject to the interest arbitration award. In the complaint, the plaintiffs alleged that the COVID-19 vaccination and testing requirements violated subsections 2(d) and 2(e) of the Public Health Act (20

---

[5]The appellate court may take judicial notice of the interim award on the Illinois Labor Relations Board's website. See generally, *Johnson*, 2021 IL 125738, ¶ 54; *Leach*, 2020 IL App (1st) 190299, ¶ 44.

[6]The "Final Opinion and Award After Remand" is included in the record on appeal.

[7]According to a footnote in the IDOC's answer, the plaintiff's complaint is incorrectly titled "First Amended Complaint."

ILCS 2305/2(d), (e) (West 2020)), and that the interest arbitration award had no effect on their statutory rights under the Public Health Act. The plaintiffs sought an order declaring that the Illinois Department of Public Health was vested with the authority to require vaccination or testing to prevent the spread of infectious diseases; that the plaintiffs have a due process right to refuse vaccination under the Public Health Act; that absent the individual consent of a plaintiff, the defendants must possess a lawful court order, issued on behalf of the Illinois Department of Public Health or a certified local health department, before the plaintiff can be compelled to quarantine for refusing to vaccinate or test; that the defendants had no lawful authority to interfere with the plaintiffs' public employment with IDOC because of their refusal to submit to the COVID-19 vaccination or testing requirements; and that the interest arbitration award of January 19, 2022, did not preclude the plaintiffs from pursuing relief for protection of their statutory rights under act 2305 of the Public Health Act.

¶ 6     The plaintiffs also requested a permanent injunction to prohibit the defendants from compelling the plaintiffs to undergo vaccination or testing in the absence of each plaintiff's consent or a lawful order issued in favor of a certified local health department. The plaintiffs alleged, among other things, that they would suffer irreparable harm each day they were required to submit to invasive testing, and that they had no adequate remedy at law.

¶ 7     On April 14, 2022, the plaintiffs also filed an emergency motion for a temporary restraining order, with notice, pursuant to section 11-101 of the Code of Civil Procedure (735 ILCS 5/11-101 (West 2020)). The plaintiffs alleged that they had a right not to be

5

compelled to undergo vaccination or testing for COVID-19, without first being afforded their procedural and substantive due process rights under the Illinois Constitution and Illinois law. The plaintiffs further alleged that IDOC, without lawful authority, continued to force them to submit to either vaccination or testing for COVID-19, and that the plaintiffs were threatened with unpaid suspensions if they refused to comply. The plaintiffs sought a temporary restraining order enjoining the defendants, or any of their agents, "from requiring Plaintiffs to either vaccinate or test for COVID-19 to prevent the spread of an infectious disease unless the Plaintiffs have first been afforded their procedural and substantive due process rights under 20 ILCS 2305 *et seq.*," and for other relief that the court deemed just and proper.

¶ 8 On April 22, 2022, the defendants filed their answer to the plaintiffs' complaint, and denied the main allegations of the claims for declaratory and injunctive relief. The defendants also alleged, as defenses, that the plaintiffs' complaint should be dismissed because the circuit court lacked subject matter jurisdiction of the claims, and that the plaintiffs' claims failed as a matter of law, relying upon *Glass v. Illinois Department of Corrections*, 2022 IL App (4th) 210740, and *Graham v. Pekin Fire Department*, 2022 IL App (4th) 220270.

¶ 9 On April 22, 2022, the defendants also filed a motion to stay the proceedings and a response in opposition to the plaintiff's motion for a temporary restraining order. In the motion to stay, the defendants asked the circuit court to stay the proceedings, pending a ruling by the Illinois Supreme Court on their motion to transfer and consolidate the case

6

with other cases pending in Sangamon County under Illinois Supreme Court Rule 384 (eff. July 1, 2017).

¶ 10    In the defendant's response in opposition to the plaintiffs' motion for temporary restraining order, the defendants noted that the plaintiffs were employees of IDOC, and that they were subject to the interest arbitration award issued pursuant to the collective bargaining agreement. The defendants further noted that the plaintiffs were required, as a condition of employment in the IDOC, to get vaccinated for COVID-19, unless granted a religious or medical exemption, in which case they were required to regularly test for COVID-19, and that none of the plaintiffs claimed a religious or medical basis for refusing vaccination or testing. The defendants argued that the plaintiffs' claims were subject to the exclusive jurisdiction of the Illinois Labor Relations Board, that the COVID-19 vaccination and testing requirements were work safety measures, rather than general public health measures, and that employers had the authority to institute workplace safety rules, including vaccination and testing requirements. The defendants claimed that the circuit court lacked subject matter jurisdiction over the plaintiffs' claims and that the Illinois Labor Relations Board had exclusive jurisdiction thereof because the vaccine and testing requirements were terms and conditions of employment negotiated between the parties. The defendants further claimed that the plaintiffs failed to establish the elements necessary for a temporary restraining order.

¶ 11    On April 28, 2022, the circuit court entered a written order addressing all pending motions. Initially, the court denied the defendants' motion to stay the proceedings. After considering the pleadings, and the written and oral arguments of the parties, the court

7

denied the plaintiffs' motion for a temporary restraining order and dismissed the plaintiffs' cause of action. In its order, the court indicated that it had adopted the defendants' arguments related to the motion to dismiss the complaint. The court determined that the Illinois legislature "has not conferred subject-matter jurisdiction on this court to review the correctness of the interest arbitration award unless either the employer or the exclusive bargaining representative seeks judicial review pursuant to 5 ILCS 315/14," and that the Illinois Labor Relations Board had exclusive jurisdiction over the plaintiffs' claims.

¶ 12    On April 29, 2022, the plaintiffs filed a timely notice of interlocutory appeal under Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). In the petition for review, the plaintiffs claim that the circuit court erred in denying their motion for a temporary restraining order. In response, the defendants initially move to dismiss the appeal. The defendants claim that this court lacks jurisdiction to consider the plaintiffs' interlocutory appeal because the circuit court dismissed the plaintiffs' cause of action, and thereby decided the case on the merits.

¶ 13    Illinois Supreme Court Rule 307(d) allows for appeal from an ordering granting or denying a temporary restraining order. Ill. S. Ct. R. 307(d) (eff. Nov. 1, 2017). Here, the plaintiffs timely filed a notice of appeal from the interlocutory order denying the motion for a temporary restraining order. Accordingly, this court has jurisdiction to consider the appeal. That said, an appeal is moot when it involves no actual controversy, or the reviewing court cannot grant the complaining party effectual relief. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10.

8

¶ 14     A temporary restraining order is a drastic remedy that is issued only in exceptional circumstances and for a brief duration. *American Federation of State, County, & Municipal Employees, Council 31 v. Ryan*, 332 Ill. App. 3d 965, 966 (2002). The purpose of a temporary restraining order is to preserve the status quo until a court can conduct a hearing to determine whether it should grant a preliminary injunction or until the case can be decided on the merits. *Citizens Utilities Co. of Illinois v. O'Connor*, 121 Ill. App. 3d 533, 535 (1984). Here, the circuit court found that it lacked subject matter jurisdiction over the plaintiffs' claims. In the order entered April 28, 2022, the court denied the plaintiffs' motion for a temporary restraining order and dismissed the plaintiffs' cause of action on the merits. Once the circuit court issued the order dismissing the cause on the merits, the legal controversy was decided and there was no need to preserve the status quo. Since the circuit court decided this case on the merits, the plaintiffs' interlocutory appeal challenging the denial of the motion for temporary restraining order is moot. In this order, we have determined only that the issue raised in this appeal is moot.

¶ 15     For the reasons stated, the interlocutory appeal is dismissed as moot.


¶ 16     Appeal dismissed.