NOTICE

Decision filed 06/08/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220300-U

NO. 5-22-0300

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ROBERT THORNTON, SHAWN HOLLAND, ASHLEY HEFFELFINGER, CHARLES SPIVEY, SHANDA JACKSON, PAUL GIFFEN, DEAWN RHODES, MICHAEL JONES, JOSH RICKEY, BLAKELEE OSWALD, JACOB FREEMAN, JACOB ROACH, JAMES DUNNAN IV, JARED RUSK, JOHN CRUM, NATHAN DEUSHANE, NICK JONES, ANDREW CAMPBELL, ANDREW VOLK, BRADLEY ELLIS, CHAD LEMAR, CHRISTIAN BECKER, COURTNEY EDWARDS, GREG EDWARDS, HOLLY LEMAR, JEFF WALSH, ASHLEY HANDLEY, CHARLOTTE HARDEN, KAYLA NEIN, MELISSA ROSS, MICHAEL TIMONEY, CRAIG MORGAN, DION SULLIVAN, JESS BURLEY, NICHOLAS BYERS, JACOB ROY, MATTHEW VAUGHN, JEREMY FINK, CHERYL WHITE, DEREK PARK, MICHAEL DULAKIS, MICHAEL ECKERT, SHANE HULICK, SHARON PRICE, and MATTHEW ORWIG, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Christian County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 22-MR-28 |
| THE DEPARTMENT OF CORRECTIONS and THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) ) ) ) ) | Honorable Stanley M. Brandmeyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

1

¶ 1    *Held*:    The circuit court's order dismissing plaintiffs' complaint for declaratory judgment is affirmed where the circuit court lacked subject matter jurisdiction.

¶ 2    Plaintiffs, consisting of 45 individuals employed by the Illinois Department of Corrections, appeal the trial court's dismissal of their complaint for declaratory judgment based on the court's lack of subject matter jurisdiction. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On April 14, 2022, plaintiffs filed their amended verified complaint requesting a declaratory judgment based on section 2 of the Department of Public Health Act (20 ILCS 2305/2 (West 2020)), against defendants, the Illinois Department of Corrections (IDOC) and the Illinois Department of Central Management Services (CMS). The complaint alleged that CMS managed the employment relationship with state employees on behalf of IDOC and Governor Pritzker demanded state employees be vaccinated or tested to limit the spread of COVID, "subject to bargaining." The complaint alleged that plaintiffs' union, the American Federation of State, County and Municipal Employees (AFSCME), engaged in interest arbitration with the State, which resulted in a final opinion and award as to how Governor Pritzker's directive would be handled.[1] The complaint further alleged that, pursuant to the final opinion, if state employees refused to submit to vaccination or testing, their livelihood was threatened as they could be placed on "no-pay administrative leave" into perpetuity or until the employee complied.

¶ 5    Count I of the complaint requested a declaratory judgment and alleged that defendants could not demand vaccination or testing to limit the spread of an infectious disease. The count further alleged that the Illinois legislature vested the Illinois Department of Public Health, not

_____

[1]Briefing was completed on November 21, 2022, as plaintiffs declined to file any responsive brief. The parties confirmed at oral argument that on January 10, 2023, IDOC rescinded the vaccination and testing mandate; however, the agency retained authority to reimplement the mandate, if necessary.

defendants, with authority on public health issues, no delegation to defendants was ever made, and defendants had no legal authority to compel the state employees to vaccinate or test to prevent the spread of an infectious disease. Plaintiffs requested an order declaring that defendants were required to have a lawful court order issued by the health department before it could compel the state employees to vaccinate or test to limit the spread of an infectious disease.

¶ 6    Count II requested a declaratory judgment and alleged that the plaintiffs had statutory rights as individual citizens to not be subjected to vaccination or testing without due process of law and their claims against the State were independent of the arbitration process. The count further alleged that even if the employee's rights could be waived by agreement, there was no express waiver by plaintiffs. This count requested a finding that the January 19, 2022, arbitration award did not preclude the state employees from bringing their statutory right claims in state court.

¶ 7    Count III requested a permanent injunction enjoining vaccination or testing of state employees. Attached to the complaint was a copy of the January 19, 2022, Illinois/AFSCME final opinion and award. An emergency motion for a temporary restraining order (TRO) was also filed on April 14, 2022.

¶ 8    On April 22, 2022, defendants filed their answer primarily denying plaintiffs' allegations or alleging the claims were insufficiently pled to allow for an answer. Defendants also alleged affirmative defenses arguing, *inter alia*, the circuit court lacked subject matter jurisdiction claiming that plaintiffs' claims were subject to the exclusive jurisdiction of the Illinois Labor Relations Board because plaintiffs' vaccination and testing requirements were conditions of employment at IDOC.

¶ 9    On April 28, 2022, the court denied plaintiffs' motion for a TRO and dismissed plaintiffs' cause of action, finding it did not have subject matter jurisdiction to review the correctness of the

arbitration award except for judicial review under section 14 of the Illinois Public Labor Relations Act (5 ILCS 315/14 (West 2020)). The court relied on the decision in *Glass v. Department of Corrections*, 2022 IL App (4th) 210740, which found the circuit court, in a similar case, had no subject matter jurisdiction. Plaintiffs appealed the denial of the TRO, and this court issued an order finding the appeal moot on May 12, 2022. *Thornton v. Illinois Department of Corrections*, 2022 IL App (5th) 220269-U, ¶ 14. Plaintiffs now appeal the circuit court's dismissal of their complaint.

¶ 10                                    II. ANALYSIS

¶ 11     On appeal, plaintiffs argue that the circuit court erred in finding it did not have subject matter jurisdiction over the action because plaintiffs were seeking protection of their statutory rights. They further argue that the IDOC vaccination and testing policy was a public health policy, not a workplace rule. "Whether a circuit court has subject matter jurisdiction to entertain a claim presents a question of law which we review *de novo*." *McCormick v. Robertson*, 2015 IL 118230, ¶ 18 (citing *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 26).

¶ 12     " '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). A circuit court's consideration of administrative actions is limited to that conferred by law, and the Illinois Constitution limits the circuit court's consideration solely to matters of administrative review. Ill. Const. 1970, art. VI, § 9; see also *McCormick*, 2015 IL 118230, ¶ 19. The initial consideration of labor relations between public employees and employers lies within the province of the Illinois Labor Relations Board. 5 ILCS 315/2 (West 2020). As such, the circuit court's jurisdiction is limited to *review* of Illinois Labor Relations Board decisions.

4

¶ 13 Here, plaintiffs alleged that the IDOC vaccination and testing policy resulted from interest arbitration which AFSCME requested after negotiations failed between CMS and AFSCME. Pursuant to the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 2020)), interest arbitration addresses "unresolved disputes concerning wages, hours, terms[,] and conditions of employment." *Id.* § 14(p). Orders of the arbitration panel are judicially reviewed "upon appropriate petition by either the public employer or the exclusive bargaining representative, by the circuit court for the county in which the dispute arose." *Id*. § 14(k). The petition must be filed "within 90 days following the issuance of the arbitration order." *Id*.

¶ 14 Plaintiffs argue they are not seeking review of the interest arbitration award. They argue they are asking the court to consider, irrespective of the interest arbitration decision, whether plaintiffs had a right to come to the court to seek enforcement of their statutory rights under the Department of Public Health Act (Health Act) (20 ILCS 2305/2 *et seq*. (West 2020)) due to their employer's alleged violation of those rights.

¶ 15 While plaintiffs claim the issue is one of statutory rights, the first count of their complaint requested a declaratory judgment stating that defendants had no lawful authority to compel plaintiffs to vaccinate or participate in testing. However, this issue, *i.e.*, "the lawful authority of the employer (Section 14(h)(1))," was the basis of the December 29, 2021, interim interest arbitration award. *In re Arbitration Between State of Illinois & AFSCME Council 31*, No. S-MA-22-121 (Dec. 29, 2021). The interim decision found it was "long and well established that governmental entities can mandate vaccinations." *Id*. (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 26-27 (1905) (smallpox vaccinations); *Zucht v. King*, 260 U.S. 174, 176-77 (1922) (public school vaccinations); *Klaassen v. Trustees of Indiana University*, 7 F.4th 592, 593 (7th Cir. 2021) (COVID-19 vaccinations)).

5

¶ 16    Thereafter, the interim award addressed the stipulations of the parties as well as the interest and welfare of the public. *Id*. As to the latter factor, the panel relied on testimony asserting, *inter alia*, the vaccines were "safe and effective at preventing COVID-19" and "the risk of severe allergic reactions, blood clotting and myocarditis *** [was] extremely low."[2] After addressing the three relevant factors, the interim award found the issue of whether the State should mandate COVID-19 vaccinations for the employees covered by the relevant collective bargaining agreements in that case should be answered in the affirmative. *Id*.

¶ 17    While plaintiffs contend their "claims do not raise any dispute with regard to any collective bargaining contracts between Plaintiffs and their employers," their requested relief in the first count of the complaint clearly disputes the interim finding by the arbitrators that the State should mandate vaccination of its employees. As this issue was specifically addressed in the interim arbitration award and noted in the final interest arbitration award (*In re Arbitration Between State of Illinois & AFSCME Council 31*, No. S-MA-22-121 (Jan. 19, 2022)), plaintiffs' count I request can only be classified as a request for review of that determination. Because standing for review of that determination is limited to either the public employer or the exclusive bargaining representative (5 ILCS 315/14(k) (West 2020)), of which plaintiffs are neither, we find the circuit court correctly dismissed count I of plaintiffs' complaint.

¶ 18    Plaintiffs' second count requested a declaratory judgment stating that their claims for statutory right violations under section 2 of the Health Act (20 ILCS 2305/2 (West 2020)), stemming from the IDOC vaccination and testing mandate, were not precluded by the arbitration award. At oral argument, plaintiffs clarified that the rights violated were under sections (d) and (e)

---

[2]This court is aware of the contrary scientific findings issued subsequent to this testimony and admit difficulty may arise in attempting to revive the mandate based thereon; however, such issue is not before the court at this time.

of the Health Act (*id.* § 2(d), (e)). Section (d) grants the Illinois Department of Public Health (IDPH) authority to order physical examinations and tests "necessary for the diagnosis or treatment of individuals in order to prevent the probable spread of a dangerously contagious or infectious disease." *Id.* § 2(d). Section (e) grants IDPH authority to administer vaccines "as necessary in order to prevent the probable spread of a dangerously contagious or infectious disease." *Id.* § 2(e). Both sections are subject to section (c), which requires IDPH to obtain consent prior to taking either action and, if consent is not given or is denied, requires the agency to seek a court order. *Id.* § 2(c). Section (c) also provides the agency's elements of proof to obtain such court order and lists certain rights and required notices afforded to the public related to the hearing. *Id.*

¶ 19    While plaintiffs claim the State violated their statutory rights under section 2 of the Health Act and their claims thereunder were not precluded by the arbitration award, we disagree. Plaintiffs' argument ignores well-established law holding that waiver of a statutory right is a permissive subject of bargaining. *Skokie Firefighters Union, Local 3033 v. Illinois Labor Relations Board, State Panel*, 2016 IL App (1st) 152478, ¶ 13 (citing *Mt. Vernon Education Ass'n v. Illinois Educational Labor Relations Board*, 278 Ill. App. 3d 814, 820 (1996)). Permissive subjects differ from mandatory subjects, the latter of which "neither party can refuse to negotiate." *Id.* ¶ 6. "[P]ermissive subjects of bargaining are terms that the parties are not required to negotiate, but if one side proposes negotiation on those matters, the other side may voluntarily negotiate." *Id.* However, if both sides do not agree to bargain the permissive subject, the arbitration panel cannot consider the permissive subjects of bargaining. *Id.* ¶ 15.

¶ 20    We note the following from the interim interest arbitration award (*In re Arbitration Between State of Illinois & AFSCME Council 31*, No. S-MA-22-121 (Dec. 29, 2021)):

7

"During the period August 9 through October 22, 2021, the parties engaged in negotiations over the State's decision to mandate vaccines for all employees in State owned and operated congregate facilities. While agreements were reached for a number of facilities, the parties reached impasse on the vaccine mandate issue for the correctional Section 14 employees at facilities in DOC and DJJ and the Union filed for interest arbitration with the Illinois Labor Relations Board."

The decision further noted that the State maintained that it was not "obligated to bargain over its decision to mandate vaccinations for employees in congregate facilities"; "[h]owever, the State *** agreed to bargain with the Union."

¶ 21 These statements indicate that both parties agreed the issue of mandatory vaccination and testing were permissive subjects of bargaining. Equally compelling is the fact that neither party sought a declaratory ruling (see 80 Ill. Adm. Code 1200.143(b) (eff. Aug. 1, 2016)) as to whether the vaccination and testing requirements should be classified as a mandatory or permissive bargaining subjects.

¶ 22 After the interim decision was issued, the case was remanded for the parties to determine how the vaccination should be implemented. As shown by the final interest arbitration decision (*In re Arbitration Between State of Illinois & AFSCME Council 31*, No. S-MA-22-121 (Jan. 19, 2022)), the State and AFSCME "reached agreement on a number of implementation issues and memorialized their agreements in a Memorandum of Understanding." By January 7, 2022, only four issues remained for interest arbitration consideration, none of which included whether the IDPH protocol for vaccinations or quarantines, *i.e.*, obtaining a court order for those who declined vaccination or disputed a need for quarantine, should be utilized.

¶ 23 The default for any negotiation is that required by the statute; however, thereafter, "the Union may waive its rights on its own accord." *Skokie Firefighters Union*, 2018 IL App (1st) 152478, ¶ 14. Accordingly, we find that plaintiffs' claimed rights herein were waived pursuant to AFSCME's request, and the State's agreement, to submit the issue of mandatory vaccination to interest arbitration. Further, any dispute contesting the union's waiver of the employee's rights would be considered an "unfair labor practice" claim which lies within the province of the Illinois Labor Relations Board. *Zander v. Carlson*, 2020 IL 125691, ¶ 36.

¶ 24 Plaintiffs also contend that the directive stemming from the final interest arbitration decision was not a "workplace safety issue" but was instead an issue of "public health" pursuant to *National Federation of Independent Business v. Department of Labor, Occupational Safety & Health Administration*, 595 U.S. ___, 142 S. Ct. 661 (2022). In *National Federation*, the United States Supreme Court addressed the authority of the Occupational Safety and Health Administration (OSHA) to issue federal regulations requiring every business in the United States with more than 100 employees to require vaccination or submit to testing (at the employee's own cost and on the employee's own time) if they did not vaccinate. *Id*. at ___, 142 S. Ct. at 662. The Court found that OSHA did not have the authority to issue such a mandate. *Id*. at ___, 142 S. Ct. at 666. The decision found the issue to be one of public health and stated that OSHA did not have authority to regulate hazards of daily life simply because "most Americans have jobs and face those same risks while on the clock." *Id*. at ___, 142 S. Ct. at 665.

¶ 25 The Court continued by stating, "Although COVID-19 is a risk that occurs in many workplaces, it is not an *occupational* hazard in most." (Emphasis in original.) *Id*. The Court found OSHA had "authority to regulate occupation-specific risks related to COVID-19" including "risks associated with working in particularly crowded or cramped environments." *Id*. OSHA was simply

9

precluded from issuing an all-encompassing mandate for all businesses, as the "danger present in such workplaces differs in both degree and kind from the everyday risk of contracting COVID-19 that all face." *Id*. at ___, 142 S. Ct. at 666. We note that nothing in *National Federation* addressed whether an employer could mandate vaccination as a condition of employment for its employees. As such, we find the decision distinguishable.

¶ 26    Plaintiffs also argue that while the circuit court was bound to following the precedent in *Glass*, 2022 IL App (4th) 210740, this court is not bound by the ruling and should consider the issue as one of first impression. We note, however, no argument or citation to law was presented for this contention. *Glass*, however, is directly on point. It involved similarly employed plaintiffs and included both IDOC and CMS as defendants in addition to Governor Pritzker and Illinois Departments of Human Services, Veterans' Affairs, Juvenile Justice, and Public Health. As noted above, *Glass* held the circuit court did not have subject matter jurisdiction. *Id*. ¶ 56. Further, in a later decision that included the same parties, as well as additional plaintiffs and defendants, the appellate court found that while section 2 of the Health Act conferred authority on the Health Department, "it does not logically follow that the employers lack authority over workplace safety, such as the authority to require employees *** to undergo vaccination or testing for infectious diseases such as COVID-19." *Glass v. Department of Corrections*, 2022 IL App (4th) 220270, ¶ 29; see also *Allen v. Board of Education of North Mac Community Unit School District No. 34*, 2022 IL App (4th) 220307-U, ¶ 19 (School district "is not vested with *** broad powers [similar to those granted to IDPH], nor is it trying to exercise them. Instead, it has adopted workplace rules for the protection of students and school employees.").

¶ 27　　Short of its citation to *National Federation*, plaintiffs provide no argument as to the State's authority to promulgate workplace safety rules. For all of these reasons, we affirm the circuit court's decision dismissing count II of plaintiffs' complaint for a lack of subject matter jurisdiction.

¶ 28　　Finally, a dismissal on the merits moots the issue of whether an injunction should be issued. "A moot controversy is one that once existed but that, because of the happening of an event, has ceased to exist and no longer presents an actual controversy between the parties." *McCaster v. Greenwood*, 328 Ill. App. 3d 643, 645 (2002). The dismissal is such an event. *Thornton*, 2022 IL App (5th) 220269-U, ¶ 14. Accordingly, we affirm the trial court's dismissal of count III.

¶ 29　　　　　　　　　　　　III. CONCLUSION

¶ 30　　For the foregoing reasons, we affirm the trial court's dismissal of plaintiffs' complaint for declaratory judgment based on a lack of subject matter jurisdiction.


¶ 31　　Affirmed.